**EXHIBIT "B"**

# JAMES F. WEBER
### ATTORNEY AT LAW

**JAMES F. WEBER** ♦
♦MEMBER: NJ & PA BAR
FEDERAL DISTRICT COURT OF NEW JERSEY

3145 Bordentown Avenue, Suite G.
Parlin, New Jersey 08859
PHONE: (732) 727-6774  FAX: (732) 727-6707
EMAIL: JFWLAW@yahoo.com

March 24, 2020

Amy L. Hansell, Esq.
Ward Greenberg

RE:  Natalie Barclay, et al v. 7 Eleven Inc., Southland Corporation, et al
     Docket No.: MID-L-8494-19
     Your File No.: 5000/1817

Dear Ms. Hansell:

As you are aware, I represent Natalie Barclay & William Barclay, to represent them with regard to the above captioned matter.

Enclosed please find an original and a copy of Summons attached to the Complaint, which has been filed with the Superior court of New Jersey, together with an Acknowledgment of Service.

Please return the signed Acknowledgment of Service, via email, to my office at your convenience.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

James F. Weber

JFW/bb
Enc.
Email Only – ahansell@wardgreenberg.com

**JAMES F. WEBER, ESQ.**
ATTORNEY AT LAW
3145 BORDENTOWN AVENUE - SUITE G
PARLIN, NEW JERSEY 08859
Telephone: (732) 727-6774
Fax:(732) 727-6707
ATTORNEY ID: 015621987
Attorney For: *Plaintiffs, Natalie Barclay & William Barclay*

| | |
|---|---|
| NATALIE BARCLAY and WILLIAM BARCLAY,<br><br>Plaintiff,<br><br>vs.<br><br>7 Eleven Inc., Southland Corporation, JOHN DOES 1-5 (said names being fictitious) and ABC COMPANIES 1-5 (said names being fictitious).<br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No.: MID-L-8494-19<br><br>Civil Action<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion

(with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: March 24, 2020

/s/ Michelle M. Smith
MICHELLE M. SMITH, Superior Court Clerk

Name of defendant to be served: 7 Eleven Inc.
Address for Service: C/O Ward Greenberg
ATTN: Amy Hansell, Esq.
ahansell@wardgreenberg.com

**JAMES F. WEBER, ESQ.**
ATTORNEY AT LAW
3145 BORDENTOWN AVENUE - SUITE G
PARLIN, NEW JERSEY 08859
Telephone: (732) 727-6774
Fax:(732) 727-6707
ATTORNEY ID: 015621987
Attorney For: *Plaintiffs, Natalie Barclay & William Barclay*

| | |
|---|---|
| NATALIE BARCLAY and WILLIAM BARCLAY,<br><br>Plaintiff,<br><br>vs.<br><br>7 Eleven Inc., Southland Corporation, JOHN DOES 1-5 (said names being fictitious) and ABC COMPANIES 1-5 (said names being fictitious).<br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>Docket No.: MID-L-8494-19<br><br>Civil Action<br><br><br>**ACKNOWLEDGMENT OF SERVICE** |

TO:   7 Eleven Inc.
         C/O Ward Greenberg

   Service of the annexed SUMMONS AND COMPLAINT is hereby acknowledged this _____ day of _____,2020.

   _____

Sworn and subscribed to
before me this _____
day of _____, 2020.

_____

**JAMES F. WEBER, ESQ.**
ATTORNEY AT LAW
3145 BORDENTOWN AVENUE - SUITE G
PARLIN, NEW JERSEY 08859
Telephone: (732) 727-6774
Fax:(732) 727-6707
ATTORNEY ID: 015621987
Attorney For: *Plaintiffs, Natalie Barclay & William Barclay*

| | |
|---|---|
| NATALIE BARCLAY and WILLIAM BARCLAY, <br><br> Plaintiff, <br><br> vs. <br><br> 7 Eleven Inc., Southland Corporation, JOHN DOES 1-5 (said names being fictitious) and ABC COMPANIES 1-5 (said names being fictitious). <br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MIDDLESEX COUNTY <br><br> Docket No.: *[handwritten]* <br><br> Civil Action <br><br> **COMPLAINT, JURY DEMAND and TRIAL COUNSEL DESIGNATION** |

Natalie Barclay and William Barclay residing at 46 River Road, East Brunswick Township, County of Middlesex and State of New Jersey, by way of Complaint against the defendants say:

## FIRST COUNT

1.  At all times mentioned herein the defendant, 7 Eleven Inc., with offices located at 120 Old Stage Road, in the Township of East Brunswick, County of Middlesex and State of New Jersey was a corporation or business organization doing business in the State of New Jersey and jointly, severally or in the alternative, owned

and/or leased certain premises located at 120 Old Stage Road, in the Township of East Brunswick, County of Middlesex and State of New Jersey, together with parking areas, parking lots, driveways, exterior walkways and appurtenances thereto and was therefore responsible for the repair and maintenance in and around the said property.

2. At all times mentioned herein the defendant, Southland Corporation, with offices located at 1722 Routh Street, Suite 1000, Arts Plaza, Dallas, Texas 75201 was a corporation or business organization doing business in the State of New Jersey and jointly, severally or in the alternative, owned and/or leased certain premises located at 120 Old State Road, in the Township of East Brunswick, County of Middlesex and State of New Jersey, together with parking areas, parking lots, driveways, exterior walkways and appurtenances thereto and was therefore responsible for the repair and maintenance in and around the said property.

3. At all times mentioned herein the defendants, John Does 1 through 5 (said names being fictitious) and ABC Companies 1 through 5 (said names being fictitious), representing the fictitious names of defendants unknown at present to the plaintiff, and residents of, or businesses doing business in the State of New Jersey, individually or as corporations or business organizations, were acting as agents, employees or servants of 7 Eleven Inc., and Southland Corporation, and is otherwise responsible for snow removal and maintenance of the sidewalk and parking lot areas in and around the property located at 120 Old Stage Road, in the Township of East Brunswick, County of Middlesex and State of New Jersey.

4. At all times mentioned herein and prior thereto, the defendants, 7 Eleven Inc., Southland Corporation, John Does 1 through 5 (said names being fictitious) and ABC Companies 1 through 5 (said names being fictitious) jointly, severally or in the alternative, individually or by their servants, agents or employees, were careless, reckless and negligent in the ownership, leasing, control, construction, maintenance, management, supervision, operation, repair, cleaning, and inspection of the aforesaid premises, together with its parking areas, parking lots, driveways and exterior walkways and appurtenances thereto, created and/or maintained a nuisance and/or trap upon the aforesaid premises by reason of the foregoing acts or omissions, any or all, proximately causing the plaintiff, Natalie Barclay, to fall while in the exterior of 120 Old Stage Road, in the Township of East Brunswick, County of Middlesex and State of New Jersey on or about December 28, 2017 and sustaining severe permanent injuries.

5. On or about December 28, 2017, the plaintiff, Natalie Barclay, was lawfully upon the aforesaid premises, as well as its parking areas, parking lots, driveways, exterior walkways and appurtenances thereto.

6. As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the defendants, 7 Eleven Inc., Southland Corporation, John Does 1 through 5 (said names being fictitious) and ABC Companies 1 through 5 (said names being fictitious) aforesaid, the plaintiff, Natalie Barclay, was caused to fall violently to the ground, sustained serious injuries causing permanent disability, has incurred or in the future will incur expenses for treatment of said injuries including x-rays and other

diagnostic medical expenses, has been disabled and in the future will be disabled and not able to perform his usual functions, has been caused and in the future will be caused great pain and suffering.

**WHEREFORE**, plaintiff, Natalie Barclay, demands judgment against the defendants, 7 Eleven Inc., Southland Corporation, John Does 1 through 5 (said names being fictitious) and ABC Companies 1 through 5 (said names being fictitious) jointly severally or in the alternative for damages together with interest and costs of suit.

### SECOND COUNT

1. Plaintiff, William Barclay, hereby repeats each and every allegation of the First and Count of the Complaint as if the same were set forth herein at length.

2. As the spouse of the plaintiff, Natalie Barclay, plaintiff, William Barclay, has been deprived of the consortium and services of his wife, all as a direct and proximate result of the aforesaid carelessness and negligence of the defendants.

**WHEREFORE**, plaintiff William Barclay, demands judgment against the defendants, 7 Eleven Inc., Southland Corporation, John Does 1 through 5 (said names being fictitious) and ABC Companies 1 through 5 (said names being fictitious) jointly severally or in the alternative for damages together with interest and costs of suit.

### CERTIFICATION

Pursuant to R.4: 5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge

or belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all other parties and the Court an amended Certification if there is a change in the facts stated in this original Certification.

## JURY DEMAND

PLEASET TAKE NOTICE that the plaintiff hereby demands a trial by jury on all issues of this Complaint, pursuant to R.1:8-2(b) and R.4:35-1(a).

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, JAMES F. WEBER, ESQ., has been designated as trial counsel for the plaintiff.

                                      JAMES F. WEBER  
                                      Attorney for plaintiff

                                      */s/ James F. Weber*  
                           BY:_____  
                                      JAMES F. WEBER, ESQ.

DATE: November 10, 2019