UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE BARCLARY, et al., | Civil Action No. 20-5824 (ZNQ) |
| Plaintiffs, | |
| v. | |
| 7-ELEVEN, INC., et al. | |
| Defendants. | MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon Plaintiffs' Natalie Barclay and William Barclay (collectively, "Plaintiffs") Motion to Amend their Complaint. (Docket Entry No. 18). Defendant 7-Eleven, Inc. ("7-Eleven") opposes Plaintiffs' motion. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth herein, Plaintiffs' Motion to Amend is DENIED.

**I.   BACKGROUND**

On November 10, 2019, Plaintiffs filed the instant action against Defendants 7-Eleven, Inc., Southland Corporation, John Does 1 – 5 (said names being fictitious), and ABC Companies 1 – 5 (said names being fictious) (collectively "Defendants") in the Superior Court of New Jersey, Law Division, Middlesex County. (*See, generally,* Pl. Compl.; Docket Entry No. 1-1). Plaintiff Natalie Barclay alleges that she slipped and fell on ice at approximately 6:59 a.m. on December 28, 2017 outside of the 7-Eleven store located on 120 Old Stage Road in East Brunswick, New Jersey. (*See id.* First Count ¶¶ 5-6). 7-Eleven removed this action from the Superior Court of New Jersey to the United States District Court for the District of New Jersey on May 13, 2020. (Docket Entry No. 1).

On June 10, 2020, Plaintiffs moved to remand this matter back to state court. (*See, generally*, Pls. Motion to Remand; Docket Entry No. 5). After a conference with the District Court, Plaintiffs' motion to remand was terminated. Text Order of 7/7/2020; Docket Entry No. 11. This Court then scheduled an Initial Scheduling Conference with the parties (Order Scheduling Conference of 7/30/2020; Docket Entry No. 12), which took place on September 14, 2020 during which the parties were instructed to proceed with document/interrogatory discovery. *See* Text Minute Entry of 9/14/2020.

During the discovery period, 7-Eleven provided Plaintiffs with copies of the franchise agreement along with lease documents in February 2021. (7-Eleven Opp. Br. at 4; Docket Entry No. 20). Plaintiffs' motion to amend followed. (Docket Entry No. 18).

Through their motion to amend, Plaintiffs seek to add UCPC Family Partnership ("UCPC") and Piyuda Maharaj, Inc. ("Piyuda Maharaj") as defendants in this action. (Docket Entry No. 18 at p. 5-6). Plaintiffs rely on Federal Rule of Civil Procedure Rule ("Rule") 15(d) in support of their motion to amend. Specifically, Plaintiffs argue that supplementation is warranted because they did not discover the identities of UCPC and Piyuda Maharaj until after they filed their original Complaint. (Pl. Br. at 6; Docket Entry No. 18). They also suggest that their motion should be granted under the liberal amendment standards set forth in Rule 15(a). (*Id*. at 6-7). 7-Eleven opposes Plaintiffs' motion, arguing that the motion is untimely and futile. (Docket Entry No. 20 at p. 5).

## II.     LEGAL STANDARD

The Court first addresses Plaintiffs' reliance on Rule 15(d) in support of their motion to amend. Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any

> transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Despite, Plaintiffs' arguments to the contrary, the Court finds that Rule 15(d) is inapplicable here because all of the facts, transactions, occurrences, or events that Plaintiffs seek to add existed at the time of the filing of the original Complaint. Thus, that Plaintiffs discovered them after filing the original Complaint does not bring Rule 15(d) into play. As a result, supplementation is not appropriate under Rule 15(d). Instead, the proposed amendments need to be analyzed under other provisions of Rule 15.

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). While amendments are liberally granted under Rule 15(a), where relation back is required, the Court must look to 15(c).

The Court finds that relation back is necessary here because Plaintiffs seek to amend the original Complaint by replacing a "John Does" caption with the real names of the proposed Defendants, UCPC and Piyuda Maharaj, and Plaintiff seeks to make this change after the

applicable statute of limitations has run. The change Plaintiffs seek to make falls squarely within Rule 15(c)(1)(C) because "[r]eplacing a 'John Doe' caption with the newly named defendants' correct names amounts to 'changing party' within the meaning of Rule 15(c)." *Cruz v. City of Camden*, 898 F. Supp. 1100, 1106 (D.N.J. 1995).

Pursuant to Rule 15(c)(1)(C), an amended complaint relates back when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

All three conditions of the Rule must be satisfied in order for a proposed amendment to be appropriately made under the Rule. As a result, to succeed on their motion to amend, Plaintiffs would have to show that (1) UCPC and Piyuda Maharaj received actual or constructive notice of this action within 90 days of the filing of the original Complaint; (2) the notice received by UCPC and Pivuda Maharaj was sufficient so that they would not be prejudiced in defending on the merits; and (3) UCPC and Pivuda Maharaj had actual or constructive knowledge that it would have been named but for a mistake on the part of Plaintiffs.

Plaintiffs, however, never addressed Rule 15(c) in their motion to amend. Instead, they relied on Rule 15(d), which is inapplicable here, and the liberal amendment standards set forth in Rule 15(a), which again are inapplicable given the amendments Plaintiffs seek to make. As a result, Plaintiffs failed to carry their burden to show that relation back under any provision of Rule 15(c) is warranted. Without such a showing, their proposed claims against UCPC and Pivuda

Maharaj would be barred by the applicable statute of limitations. Consequently, the Court finds that their motion is futile.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend is DENIED. An appropriate Order follows.

Dated: November 22, 2021

                                           s/ Tonianne J. Bongiovanni
                                           **HONORABLE TONIANNE J. BONGIOVANNI**
                                           **UNITED STATES MAGISTRATE JUDGE**